**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRANCISCO DEL POZO, <br><br>    *Plaintiff*, <br><br>  v. <br><br> SONNY PERDUE, Secretary, U.S. <br> Department of Agriculture, <br><br>    *Defendant*. | No. 18-cv-2670 (DLF) |

## <u>ORDER</u>

On November 19, 2018, plaintiff Francisco Del Pozo filed this action against his employer, the U.S. Department of Agriculture (USDA), for alleged violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3. Del Pozo worked in the USDA's Risk Management Agency's Kansas City office in Missouri and claims that he experienced discrimination and retaliation while working there. On March 22, 2019, the defendant filed a motion to dismiss or, in the alternative, to transfer venue to the United States District Court for the Western District of Missouri, where the bulk of the plaintiff's allegations occurred. Dkt. 6.

Under 28 U.S.C. § 1406(a), when a case is brought "in the wrong division or district," the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which" the case "could have been brought." The general federal venue statute allows "a civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity," to "be brought in any judicial district in which (A) a

defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred," or (if no property is involved) "(C) the plaintiff resides."  28 U.S.C. § 1391(e). Title VII, however, has its own specialized venue provisions, which require a plaintiff to sue in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e–5(f)(3).

Where, as here, a plaintiff brings Title VII claims as well as claims governed by the general venue statute, the court is prohibited from exercising "pendent venue" over the plaintiff's Title VII claims and must adhere strictly to the specific venue limitations intended by Congress. *Jyachosky v. Winter*, No. CIV.A.04-01733 (HHK), 2006 WL 1805607, at *4 n.3 (D.D.C. June 29, 2006) (collecting cases).  "When venue is improper for a Title VII claim," but proper for other claims alleged in the same complaint, "courts have consistently transferred the entire case, pursuant to 28 U.S.C. § 1406(a), to a judicial district where venue is appropriate for all claims, rather than split a case apart."  *Id.* at *4 (internal quotation marks omitted).

The defendant argues that the District of Columbia is an improper venue for the plaintiff's Title VII claims because "the alleged unlawful employment practices were committed in Missouri, Plaintiff was employed in Missouri at all relevant times, and the relevant employment records are located in Missouri."  Def.'s Br. at 3, Dkt. 6-1.  The plaintiff does not dispute these arguments.  He merely requests that, rather than dismiss this action, "the Court

enter an Order transferring this case to the Western District of Missouri."  Pl.'s Opp'n at 2, Dkt. 8.[1]

The Court agrees with the defendant that this District is an improper venue for the plaintiff's Title VII claims and will exercise its discretion to transfer this action in its entirety to the Western District of Missouri.  As the defendant acknowledges, in employment-discrimination cases, "[g]enerally, the 'interest of justice' instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them."  Def.'s Br. at 7 (quoting *Hamilton v. Paulson*, No. 07-1365, 2008 WL 4531781, at *2 (D.D.C. Oct. 10, 2008)); *see also James v. Booz–Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002) ("[I]n light of the restrictiveness of the venue provisions for Title VII cases, courts have routinely transferred such cases to neighboring jurisdictions when a plaintiff fails to carry his burden to demonstrate proper venue").  Further, courts consistently transfer cases that combine Title VII claims with other employment-discrimination claims (such as ADEA claims) to satisfy Title VII's venue provisions without forcing the parties to pursue separate, parallel proceedings.  *Saran v. Harvey*, 2005 WL 1106347, at *4 (D.D.C. May 9, 2005).  For these reasons, the Court finds that transfer, rather than dismissal, would serve the interest of justice.  Accordingly, it is

**ORDERED** that the defendant's Motion to Dismiss is **DENIED**;

**ORDERED** that the defendant's Motion to Transfer is **GRANTED**; and

**ORDERED** that the Clerk of Court shall transfer this case pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Western District of Missouri.

The Clerk of Court is directed to close this case.

---

[1] Both parties appear to agree that this action "could have been brought" in the Western District of Missouri, 28 U.S.C. 1406(a), where the plaintiff was employed and where he experienced the discrimination and retaliation alleged in his complaint.

_Dabney L. Friedrich_

DABNEY L. FRIEDRICH
United States District Judge

April 23, 2019